UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRECELL WHITAKER,<br>    Plaintiff, | :<br>:<br>: | CASE NO. 3:19-CV-1129 (MPS) |
| v. | :<br>: | |
| CRCC MAIL ROOOM,<br>    Defendant. | :<br>: | August 22, 2019 |

**INITIAL REVIEW ORDER**

On July 23, 2019, the plaintiff, Precell Whitaker, a state prisoner currently confined at the Corrigan-Radgowski Correctional Center ("CRCC") in Uncasville, Connecticut, filed a civil complaint *pro se* under 42 U.S.C. § 1983 against the CRCC Mail Room for withholding his mail, specifically, his magazines which he receives weekly and monthly. ECF No. 1, p.12. He seeks monetary damages for what he claims is "unlawful mail tampering." *Id.* For the following reasons, the complaint is dismissed without prejudice and Whitaker will receive an opportunity to amend.

I.    Standard of Review

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic*, 550 U.S. at 556). Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. <u>Factual Allegations</u>

The plaintiff "ha[s] reason to believe" that, beginning on May 26, 2019, the CRCC mailroom has been withholding several issues of twelve different magazines to which he has subscribed. ECF No. 1, p.12. After he contacted the mailroom about the issue, he received a response stating that the magazines "have been sent for renew[al], and [the plaintiff] will receive them when they are returned." *Id.* The plaintiff followed up with the mailroom on July 9, 2019 but did not receive a response. *Id.* As of July 17, 2019, he has not received his magazines. *Id.*

III. <u>Analysis</u>

"In order to maintain a § 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct complained of must have deprived a person of the rights, privileges or immunities secured by the federal constitution or laws." *Martin v. Lociccero*, 917 F. Supp. 178, 180-81 (W.D.N.Y. 1995) (citing *Parratt v. Taylor*, 451 U.S.

527, 535 (1981)). The "CRCC mail room" is not a person within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (state agency not a person within meaning of § 1983). Moreover, the plaintiff has not alleged how the withholding of his magazines violated his rights or protections under the United States Constitution. Therefore, the plaintiff has failed to state a plausible claim for relief under § 1983.

**ORDER**

The complaint is hereby dismissed without prejudice. The clerk is directed to close this case. If the plaintiff believes he can state a plausible constitutional claim against one or more persons acting under color of state law, he may file a motion to reopen this case and attach an amended complaint within thirty (30) days from the date of this Order. The amended complaint must allege facts showing each defendant's personal involvement in the constitutional deprivation(s) and facts showing that the plaintiff exhausted his administrative remedies prior to commencing suit under 42 U.S.C. § 1997e. Failure to file an amended complaint within thirty (30) days from the date of this Order will result in dismissal of the case with prejudice.

It is so ordered.

Dated at Hartford, Connecticut this 22nd day of August 2019.

/s/
Michael P. Shea
United States District Judge