UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PERCELL WHITAKER,
    Plaintiff,

v.      3:19cv1129 (MPS)

"JANE" EVANS, et al.
    Defendants.

## INITIAL REVIEW ORDER

On July 23, 2019, the plaintiff, Percell Whitaker, an inmate who is confined at the Corrigan-Radgowski Correctional Center ("Corrigan"), brought this action *pro se* under 42 U.S.C § 1983 against the CRRC Mail Room for withholding his mail. ECF No. 1. On August 15, 2019, the plaintiff's motion to proceed *informa pauperis* was granted. ECF No. 9. However, on August 22, 2019, the Court dismissed his complaint without prejudice to repleading because the "CRCC mail room" is not a person under § 1983. ECF No. 10. After another unsuccessful attempt to file an amended complaint, on October 18, 2019, the plaintiff filed the instant amended complaint against "Jane" Evans, "Jane" Rainville, "Jane" Blackman and Captain "Jane or John" Diloreto. ECF. No. 15. The plaintiff alleges violation of his constitutional First, Sixth, and Fourteenth Amendments based on the alleged withholding of legal correspondence and magazine subscriptions. He also claims violation of Administrative Directive 10.7 and Regulations § 18-81-28 through 18-81-38.[1] For the reasons set forth below, the court will dismiss the complaint in part.

---

[1] The Court assumes that the plaintiff is referring to the Connecticut agency regulations concerning prisoner communications.

1

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic*, 550 U.S. at 556).

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II. FACTUAL ALLEGATIONS

The plaintiff's amended complaint alleges that in June and July 2019, he sent an inmate request to the mail room workers, Ms. Evans, Ms. Reinville, and Captain Diloreto about his magazine subscriptions being withheld. ECF. No. 15, p. 4. He received a response that the magazines had been sent for renewal and that he would receive them. *Id.* However, he alleges

that nothing was received. *Id.* at 5. His publication was renewed, but the mail room never sent him his magazines. *Id.*

On August 22, 2019, defendant Blackman received the plaintiff's legal correspondence, but the plaintiff received it four days later. *Id.*

He alleges that he has exhausted his administrative remedies. *Id.* at 7.

### III. DISCUSSION

#### A. First Amendment

The plaintiff alleges Ms. Evans, Ms. Reinville, and Captain Diloreto violated his First Amendment right to receive his magazine subscriptions; and that Ms. Blackman violated his First Amendment rights by interfering with his legal correspondence.

##### a. Right to Receive Publications

It is clearly established that "inmates have a First Amendment right to access to publications consistent with prison security[.]" *Allen v. Coughlin*, 64 F.3d 77, 81 (2d Cir. 1995). The plaintiff has alleged that his magazine subscription had been renewed but that Evans, Reinville and Diloreto prevented him from receiving the magazines. At this initial stage in the action, the plaintiff has adequately pleaded a First Amendment claim related to his right to receive his magazines. The Court will allow this claim to proceed.

##### b. Interference with Legal Mail

The plaintiff alleges that Blackman interfered with his legal mail. Specifically, he alleges that Blackman received his legal correspondence on August 22, 2019, but he received the correspondence four days later.

A prisoner has a First Amendment right to "free flow of incoming and outgoing mail." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). However, to establish a viable claim for interference with his legal mail in violation of the First Amendment, an inmate must establish "that prison officials regularly and unjustifiably interfered" with his or her legal mail. *Id.* "Restrictions on prisoners' mail are justified only if they further one or more of the substantial governmental interests of security, order, and rehabilitation ... and must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.* (quotation and citation omitted). A single incident is generally insufficient to establish a constitutional violation. *See Steve v. Arnone*, 627 Fed. App'x 50 (2d Cir. 2016) (affirming dismissal of claim based on only one incident of interference with legal mail).

Here, the plaintiff alleges one incident in which his mail was allegedly delayed by Blackman by four days. This is insufficient to state a plausible claim for a violation of his First Amendment rights due to interference with his legal mail. Further, to the extent that the Second Circuit precedent has left it unclear whether a single tampering incident may form the basis for a constitutional claim, *see Ahlers*, 684 F.3d at 64, defendant Blackman would have qualified immunity for lack of clearly established law. *See generally Simon v. City of New York*, 893 F.3d 83, 92 (2d Cir. 2018); *Galarza v. Semple*, No. 3:18-CV-00773 (JAM), 2018 WL 3935042, at *3 (D. Conn. Aug. 16, 2018). Accordingly, this claim will be dismissed.

    c.    <u>Denial of Access to the Courts</u>

Interference with legal mail implicates an inmate's right to access the courts. *Davis*, 320 F.3d at 351. To prevail on a claim for denial of access to the courts, the plaintiff must show that the defendants' actions were deliberate and malicious, and that the actions caused him to suffer

4

an actual injury. *See Beliezza v. Holland*, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010). To demonstrate an actual injury, the plaintiff must show that he suffered "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996); *see also Monsky v. Moraghan,* 127 F.3d 243, 247 (2d Cir. 1997) .

However, a delay in the inmate's ability to work on a legal action or communicate with the courts is not a sufficient basis for a constitutional violation. *Galarza*, No. 3:18-CV-00773 (JAM), 2018 WL 3935042, at *2. The plaintiff has not alleged that he was prejudiced by the alleged interference with his mail. This claim will be dismissed for failure to state an injury resulting from the mail interference.

B.  Fourteenth Amendment

Plaintiff states that his Fourteenth Amendment rights were violated as a result of the defendants' conduct. The court construes his allegations as asserting violation of the Fourteenth Amendment Due Process Clause based on the defendants' withholding of his mail.

The Due Process Clause of the Fourteenth Amendment protects the plaintiff against the denial of a protected property interest without due process of law. *Ramos v. Malloy*, No. 3:18-CV-615 (VAB), 2018 WL 1936144, at *3 (D. Conn. Apr. 24, 2018). A prisoner can state a due process claim for loss of property if the state has not created adequate post-deprivation remedies. *See Edwards v. Erfe*, 588 Fed. App'x. 79, 80 (2d. Cir. 2015); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "The existence of state remedies, therefore, determines whether a Fourteenth Amendment claim for deprivation of property without due process is cognizable in federal

court." Conquistador v. Hannah, No. 3:19-CV-1293 (KAD), 2019 WL 4346346, at *4 (D. Conn. Sept. 12, 2019)

Here, the State of Connecticut provides a remedy for lost or destroyed property. Under Connecticut General Statutes § 4-141, *et seq.*, a prisoner may bring a claim against the Connecticut Claims Commission, unless there is another administrative remedy for his claim. *See* Conn. Gen. Stat. § 4-142. Additionally, the Department of Correction has established an administrative remedy procedure relevant to an imate's lost or destroyed property. *Ramos*, No. 3:18-CV-615 (VAB), 2018 WL 1936144, at *3 (citing Administrative Directive 9.6(16)(B)). The plaintiff must seek relief for a deprivation of his property though these adequate post-deprivation remedies rather than the court. *Id.* This claim will be dismissed.

C.      Sixth Amendment

Plaintiff claims that the defendants' actions violated his Sixth Amendment rights. The Sixth Amendment, however, only protects an attorney-client relationship in a criminal case context. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (rejecting application of Sixth Amendment to claim that "would insulate all mail from inspection, whether related to civil or criminal matters"). The plaintiff has failed to allege that the interference with his legal mail concerned a criminal matter. Therefore, the plaintiff has not alleged a plausible claim for a violation of his Sixth Amendment right to the effective assistance of counsel. This claim will be dismissed.

D.      Violations of Regulations and Directives

The plaintiff asserts, under 42 U.S.C. § 1983, violations of Administrative Directive 10.7 and Regulations of Connecticut State Agencies §§ 18–81–28 through 18-81-38. However, the

defendants' failure to comply with prison regulations or administrative directives does not constitute a basis for relief under Section 1983 because "a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983." <u>Fine v. UConn Med.</u>, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (citation omitted). These claims will be dismissed.

**ORDERS**

The Court enters the following orders:

(1) The case shall proceed on the plausible First Amendment claim against "Jane" Evans, Jane" Reinville, and Captain "Jane/John" Diloreto based on his right to receive his magazine subscriptions. Accordingly, the clerk is instructed to reopen this case.

The plaintiff's claims against all defendants based on violation of the Fourteenth Amendment Due Process Clause, Administrative Directive 10.7, and Regulations of Connecticut State Agencies §§ 18–81–28 through 18-81-38 are DISMISSED with prejudice.

The plaintiff's claims against "Jane" Blackman based on violation of the First Amendment due to interference with his legal mail and denial of access to the courts, and based on violation of the Sixth Amendment are DISMISSED without prejudice to repleading. The plaintiff may file a complaint within **thirty (30) days** from the date of this Order to cure the factual deficiencies identified in the Initial Review Order. The amended complaint should also include the First Amendment claim that the court has concluded should proceed. Failure to file an amended complaint within **thirty (30)** days will result in dismissal of these claims.

(2) The clerk shall verify the current work addresses for the defendants "Jane" Evans, "Jane" Reinville, and Captain "Jane/John" Diloreto with the DOC Office of Legal Affairs, mail a

7

waiver of service of process request packet containing the complaint to them at their confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall mail a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(4) The defendants "Jane" Evans, "Jane" Reinville, and Captain "Jane/John" Diloreto shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. Defendants may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

/s/
Michael P. Shea
United States District Judge

**SO ORDERED** at Hartford, Connecticut, this 9th day of December 2019.